IN THE MATTER OF ANTHONY P. GRIFFIN.
(SUPREME COURT DISCIPLINARY Nos. 629, 653)
(377 SE2d 157)

PER CURIAM.

Respondent, Anthony P. Griffin, was charged with violating the following standards of State Bar Rule 4-102.

Standard 4 - Conversion of a client's funds, forgery, and wilful misrepresentation, thereby engaging in professional conduct involving dishonesty, fraud, deceit and wilful misrepresentation.

Standard 45 - Settling a client's case without permission, forging an endorsement of the draft received therefor and converting the proceeds therefrom to his personal use, thereby engaging in professional conduct in violation of this standard.

Standard 61 - Failing to notify his client of receipt of a settlement draft from Allstate Insurance Company and failing to transfer the funds to his client.

Standard 63 - Failing to maintain complete records of his client's funds and failing to properly render an accounting to his client.

Standard 65 - Commingling his client's funds with his own and failing to deposit and administer client's funds from a trust account.

Standard 68 - Failing to respond to the investigation of the memorandum of complaint filed by his client.

As a result of the Standard 68 violation, the Special Master found each and every allegation of fact and each disciplinary infraction alleged in the State Bar Formal Complaint to be deemed admitted by Respondent.

The record supports the above violations of the Rules and Regulations of the State Bar of Georgia and this Court adopts the findings of the Special Master and the disbarment recommendation of the State Disciplinary Board. It is directed that respondent Anthony P. Griffin be disbarred.

In the proceeding in Supreme Court Docket No. 653: In the Matter of Anthony P. Griffin, the State Disciplinary Board, for the same and similar charges, recommended respondent Anthony P. Griffin be disbarred. In view of this Court's disbarment order in Supreme Court Disciplinary No. 629, we direct that the proceedings in Supreme Court Disciplinary No. 653 be returned to the State Disciplinary Board to be placed upon the inactive docket and reactivated in the event Mr. Griffin ever petitions for reinstatement to the practice of law in the State of Georgia.

*All the Justices concur.*

DECIDED MARCH 15, 1989.

*William P. Smith III, General Counsel State Bar, Joe David Jackson, Assistant General Counsel State Bar*, for State Bar of Georgia.